**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4437**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

SUMMER SMITH,

          Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Senior District Judge. (3:18-cr-00798-JFA-5)

Submitted: March 23, 2021                    Decided: March 26, 2021

Before THACKER, QUATTLEBAUM, and RUSHING, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Connie D. Breeden, CONNIE D. BREEDEN LAW OFFICE, Columbia, South Carolina, for Appellant. Robert Nicholas Bianchi, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Summer Smith pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, 100 grams or more of heroin, and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (B), 846. On appeal, Smith's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court complied with the requirements of Fed. R. Crim. P. 11 and whether the court erred in failing to grant a downward departure. Smith received notice of the right to file a pro se supplemental brief, but she has not done so. The Government has moved to dismiss the appeal based on the appellate waiver in Smith's plea agreement. Through counsel, Smith has filed a response to the motion to dismiss, conceding that the appellate waiver is valid but asking us to conduct an *Anders* review. We affirm in part and dismiss in part.

Counsel first questions whether the district court complied with Rule 11. Smith's waiver of appellate rights does not prevent her from challenging the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). We therefore deny in part the Government's motion to dismiss and review Smith's challenge to the adequacy of the plea colloquy for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (stating standard of review); *Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing plain error standard).

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines the defendant understands, the rights she

is relinquishing by pleading guilty, the charge to which she is pleading, and the maximum and mandatory minimum penalties she faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Here, the district court failed to inform Smith of the right to counsel at every stage of the proceeding, *see* Fed. R. Crim. P. 11(b)(1)(D), and of the court's authority to order restitution or asset forfeiture, *see* Fed. R. Crim. P. 11(b)(1)(J), (K). We conclude that these minor omissions did not affect Smith's substantial rights, that she entered her plea knowingly and voluntarily, and that a factual basis supported the plea. *See DeFusco*, 949 F.2d at 116, 119-20.

Turning to Smith's appeal of her sentence, where, as here, the Government seeks to enforce the appeal waiver and Smith has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). Smith does not contest that she knowingly and intelligently waived her right to appeal, *see United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010), and our de novo review of the plea hearing leads us to conclude that the waiver is valid and enforceable, *see United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018) (stating standard of review). Moreover, Smith's challenge to her sentence falls within the waiver's scope.

Accordingly, we grant in part the Government's motion to dismiss and dismiss the appeal of the sentence, and we deny in part the Government's motion and affirm Smith's

conviction. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*